STOULIG, Judge.
This is an appeal from a judgment awarding plaintiff John D’Antoni $17,200 plus interest and attorney fees in a suit on a promissory note. Defendant Edward Ezzell contends that plaintiff was not a holder in *263 due course; therefore, the trial court erred in disallowing some and discrediting other testimony that would have supported a defense of failure of consideration.
The note in question is a bearer instrument dated March 17, 1969, payable on demand after date. Initially the note was given to E K C Marketing, Inc. (E K C), for a $10,000 loan received that date plus other sums the corporation had loaned prior to that time. E K C was a business venture that plaintiff, defendant, and one John See-ley incorporated in 1968 to sell vending machines. D’Antoni was to furnish the financing by either lending the corporation his personal funds or by guaranteeing the E K C bank loans. Ezzell was to sell the vending machines and Seeley was to do some sort of promotional work. By March 1969 Ezzell had borrowed substantial sums from the corporation, the largest single loan being $10,000 that was made the same day he signed the note. The note was given in exchange for the $10,000 advanced that day plus the other unpaid loans defendant previously had obtained from E K C.
On April 19, 1971, plaintiff and defendant, as directors and shareholders of E K C, agreed at a special meeting that the corporation would negotiate by delivery to the plaintiff the note and collateral mortgage of Edward Ezzell in satisfaction of the loans made by plaintiff toEKC (which the evidence established as being in excess of $20,000). At the same meeting D’Antoni turned over all of his stock in E K C to Ezzell.
Under R.S. 7:52, plaintiff undoubtedly is a holder in due course. It provides:
“A holder in due course is a holder who has taken the instrument under the following conditions:
(1) That it is complete and regular upon its face;
(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
(3) That he took it in good faith and for value;
(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”-
The note, complete and regular on its face, was negotiated to plaintiff by delivery, and defendant’s testimony and also the exhibits establish D’Antoni gave value for the note. If there is any question of the good faith of plaintiff, the result reached by the trial court indicates that any factual dispute as to the good faith of D’Antoni was resolved in his favor.
Defendant also contends the note was held by plaintiff as a pledgee, but the record does not bear this out because the corporate minutes reflect authorization to transfer to D’Antoni the note at issue for a recited consideration. There is a notation that the bearer note at its inception was secured by the pledge of stock and a collateral mortgage note.
Even though R.S. 7:57[1] provides a holder in due course holds the instrument free from any defect of title and free from defenses, defendant was allowed considerable leeway in presenting evidence that he contends would support a failure of consideration. The evidence established there was an interrelationship between plaintiff, defendant and several corporations but none tended to establish defendant received no consideration for executing the note. In fact defendant himself ratified the transfer from EKCto plaintiff in his capacity as a shareholder and director.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. R.S. 7:57 provides: “A holder in due course holds the instrument free from any defect of title of prior parties, and free from defences available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon.”